UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JABBAR A. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-01724-RHH |
| | ) |
| METROPOLITAN ST. LOUIS SEWER DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Jabbar A. Thomas brings this employment discrimination action against his employer, Metropolitan St. Louis Sewer District. ECF No. 1. The matter is now before the Court upon Plaintiff's Application to Proceed in District Court without Prepaying Fees and Costs. ECF No. 2. Based on the financial information provided, the Application will be denied, and the Court will direct Plaintiff to pay the full $405 filing fee.

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if a plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Proceeding without prepayment of fees and costs, or *in forma pauperis*, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, Plaintiff does not qualify for *in forma pauperis* status. Plaintiff states on his Application that his net monthly income is $4,152, that he currently has $26,967 cash on hand,

and that he owns assets valued at over $520,000.  ECF No. 2 at 1-2.  Plaintiff's approximate monthly expenses are $5,442, but it does not appear that all of these expenses would be considered 'necessities of life.'  *Id.* at 2 (including expenses for an unspecified "Personal Loan," credit card expenditures, "Cable," and orthodontics).

Based on the amount of cash Plaintiff currently has available to him ($26,967) and the high value of his owned assets (which includes a retirement account valued at $125,000), the Court finds that Plaintiff can pay for the litigation costs for this matter and still be able to provide for the necessities of life.  *See Adkins*, 335 U.S. at 339.  Plaintiff has not demonstrated that because of his poverty, he cannot pay for the litigation costs.  As such, the Court will deny Plaintiff's Application to Proceed without Prepayment.  In order for this case to proceed, Plaintiff must pay the full $405 filing fee within **thirty (30) days** of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the $405 filing fee within **thirty (30) days** of the date of this Order if he wishes for this case to proceed.

**Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.**

Dated this 22nd day of January, 2025.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE