# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JABBAR A. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-01724-JAR |
| | ) | |
| METROPOLITAN ST. LOUIS SEWER DISTRICT, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on three motions: (1) Defendant Metropolitan St. Louis Sewer District's motion to dismiss [ECF No. 9]; (2) Defendant's motion to strike Plaintiff Jabbar Thomas' surresponse to Defendant's motion to dismiss [ECF No. 19]; and (3) Plaintiff's motion for appointment of counsel [ECF No. 3]. For the reasons stated below, Defendant's motion to dismiss will be granted, Defendant's motion to strike Plaintiff's surresponse will be denied, and Plaintiff's motion for appointment of counsel will be denied.

### Background

Plaintiff began his employment with Defendant in August 2009. On September 25, 2024, Plaintiff filed a Charge of Discrimination ("Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC"). The Charge alleges retaliation and discrimination based on genetic information and race, and it identifies the earliest date of discrimination as November 11, 2023 and the latest date of discrimination as January 10, 2024 [ECF No. 9-1 at 1].

The Charge narrative includes the following:

On or around 8/03/2009 I was hired by the above-named supervisor as an Assistant

> Operations Supervisor. Kelly Hunter, Plant Manager, was my immediate supervisor. I was denied a promotion.
>
> In 12/2023 I applied for the Operation Supervisor's position. I was not interviewed although I was qualified. I was told that I could not be selected for 2 years because I asked for a demotion so I can return to the selected list to be hired at another location. I was told that I was "rigging the system." I was harassed by being accused of smelling like alcohol twice in 9/2023 and 12/2023, so I filed a complaint.
>
> For the above stated reason, I believe that I was not selected because of my race, African American, and for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as Amended (Title VII). and my genetic information in violation of The Genetic Information Nondiscrimination Act of 2008.

[*Id*.].

On September 26, 2024, the EEOC issued a right to sue letter. Plaintiff filed this pro se employment discrimination action on December 23, 2024. ECF No. 1. In his Complaint, Plaintiff raises claims of employment discrimination under Title VII of the Civil Rights Act of 1964. Plaintiff alleges that his lawsuit involves the failure of Defendant to promote him, the terms and conditions of his employment differing from those of similar employees, retaliation, harassment, and unlawful employment practice. Plaintiff alleges that he was discriminated against because of his race and color. Plaintiff also filed a motion for appointment of counsel [ECF No. 3].

On February 26, 2025, Defendant filed a motion to dismiss and memorandum in support [ECF No. 9]. Defendant argues that Plaintiff's complaint must be dismissed in its entirety because it lacks facts required to state a claim. Moreover, Defendant states that dismissal is required because Plaintiff failed to exhaust his administrative remedies under Title VII and because many of the claims are time barred.

On March 18, 2025, Plaintiff filed a response in opposition to Defendant's motion to dismiss [ECF No. 13]. On March 28, 2025, Defendant filed a reply to Plaintiff's response [ECF No. 17]. On April 1, 2025, Plaintiff filed a surresponse [ECF No. 18]. Defendant filed a motion

to strike Defendant's surresponse on the same date [ECF No. 19]. The motions are fully briefed and ready for disposition.

## Discussion

### A. Time-Barred Claims

Prior to initiating a Title VII action, a plaintiff must file a charge with the EEOC within 300 days of the event giving rise to the cause of action. 42 U.S.C. § 2000e-5(e)(1). "The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Since Plaintiff filed the Charge on September 25, 2024, the relevant 300-day period preceding the Charge-filing date began November 30, 2023. Plaintiff's denial of transfer claim and retaliation claim both involve an allegation that on August 25, 2023, Plaintiff sent an email regarding a vacant Operations Supervisor position, that he was denied the opportunity to transfer, and that the denial was "improper," "unjust," and a "blatant act of retaliation" for "filing a claim with the EEOC" [ECF No. 1 at 13]. Defendant thus argues that the denial of transfer claim and retaliation claim should be dismissed because the event giving cause to the claims occurred on August 25, 2023, outside of the 300-day statutory filing period.

Citing *Nat'l R.R. Passenger Corp.*, Plaintiff contends in his response in opposition to Defendant's motion to dismiss that these claims involve "ongoing discriminatory acts, which may constitute a continuing violation." [ECF No. 13 at 4]. Plaintiff adds that "equitable tolling may apply if Plaintiff was prevented from timely filing due to misleading actions by Defendant

or procedural delays beyond his control" [*Id*. at 4-5]. However, the continuing violation doctrine does not encompass discrete discriminatory acts, such as denial of transfer, which is individually actionable. *Taxi Connection v. Dakota, Minnesota & E. R.R. Corp.*, 513 F.3d 823, 825 (8th Cir. 2008) (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113-14). And regarding the retaliation claim, Plaintiff has not demonstrated in his Complaint or elsewhere that he has been subject to ongoing discriminatory acts that together are "part of the same unlawful employment practice." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 122. Moreover, Plaintiff has presented no facts regarding misleading actions by Defendant or procedural delays beyond his control. Therefore, the Court will dismiss Plaintiff's denial of transfer claim and retaliation claim relating to the above-referenced August 25, 2023 event.

      **B.**     **Failure to Exhaust Administrative Remedies**

A plaintiff suing under Title VII must first exhaust administrative remedies, meaning he must "give notice of all claims of discrimination in the administrative complaint," which is the Charge filed with the EEOC. *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994). The Charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b)). However, "[b]ecause persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988).

"Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice that must be individually addressed before the EEOC." *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (internal citation omitted). "A plaintiff will be deemed to have exhausted administrative remedies if the

allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir. 1986). "A plaintiff is not permitted to "bring allegations in a Title VII action if they go beyond those that 'could reasonably be expected to grow out of the charge of discrimination' filed with the EEOC." *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 801 (8th Cir. 2011) (quoting *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671–72 (8th Cir.1994)).

Dismissal under Rule 12(b)(6) is proper if the plaintiff's EEOC charge shows that he failed to exhaust a claim. *Brown v. Meridian Med. Techs., Inc.*, No. 4:23CV675 HEA, 2024 WL 3984631, at *5 (E.D. Mo. Aug. 28, 2024) (citing *Brooks*, 655 F.3d at 801). "To determine what federal claims a plaintiff exhausted, the court is to look to the boxes the complainant checked on the charge of discrimination" as well as "the narrative description of the allegations." *Thomas v. St. Louis Bd. of Educ.*, No. 4:19-CV-198 CAS, 2019 WL 3323028, at *2 (E.D. Mo. July 24, 2019) (citing *Blakley v. Schlumberger*, 648 F.3d 921, 931 (8th Cir. 2011); *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 989 (8th Cir. 2011)).

Here, the boxes Plaintiff checked on his Charge indicate claims of retaliation and discrimination based on genetic information and race. Plaintiff asserts in the narrative of his Charge that he was not selected for a promotion in part because of his "genetic information in violation of The Genetic Information Nondiscrimination Act of 2008." [ECF No. 9-1 at 1]. However, neither the Charge nor the Complaint include any factual support alleging discrimination based on genetic information. Thus, Plaintiff failed to exhaust administrative remedies as to any genetic information claim, and the claim will be dismissed at this stage. *See Peyton v. AT&T Servs., Inc.*, No. 4:13CV00216 AGF, 2013 WL 2475700, at *3 (E.D. Mo. June 10, 2013) ("[W]here, as here, the EEOC charge is bereft of any allusion to allegations of [genetic

information discrimination], merely checking off the box . . . on the EEOC charge is insufficient to exhaust it as a claim.").

Conversely, Plaintiff checked the box for color discrimination in his Complaint but failed to present the same claim in his Charge. Because such a claim was not presented or reasonably related to any allegation in his Charge, he failed to exhaust administrative remedies as to any color discrimination claim. *See Jackson v. Minn. Dep't of Hum. Servs.*, No. 20-cv-749, 2021 WL 1111075, at *6 (D. Minn. Mar. 23, 2021) (dismissing color discrimination claim where the plaintiff failed to check the "color" box on the EEOC charge and the charge was devoid of allegations based on the pigmentation, complexion, hue, shade, or tone of the plaintiff's skin.). Color discrimination is distinguishable from race discrimination. *Id.* ("While race discrimination is directed at an individual's membership in a racial group, color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.") (internal citation and quotation marks omitted). Moreover, color discrimination relating to the hue of Plaintiff's skin is not referenced in the narrative of the Complaint. The color discrimination claim will therefore be dismissed. *See Laws v. Norfolk S. Corp.*, No. 4:15-CV-924-CEJ, 2015 WL 5886069, at *3 (E.D. Mo. Oct. 8, 2015) ("The hue of plaintiff's skin is not described in the amended complaint nor is it identified as a factor in the defendant's decision to terminate plaintiff's employment. Thus, the amended complaint fails to state a claim of discrimination based on color.").

Likewise, in addition to being time barred, Plaintiff's denial of transfer claim will also be dismissed for failure to exhaust administrative remedies. In his Charge, Plaintiff failed to include any denial of transfer claim or provide any facts that could reasonably relate to such a claim. The

Charge's narrative references a denied promotion, not a denied transfer. Because the denial of transfer claim is distinct from the alleged denial of promotion and could not reasonably be expected to grow out of any claim presented in Plaintiff's Charge, it will also be dismissed.

Defendant argues that Plaintiff failed to exhaust administrative remedies with respect to his failure to promote claim. Plaintiff's Charge states that he was "denied a promotion" and that he "was not interviewed although [he] was qualified." [ECF No. 9-1 at 1]. He also stated that he believed he was not selected because of his "race, African American." [*Id.*]. Defendant contends that the allegations in Plaintiff's Charge are "insufficient" because there are "no facts regarding the identity of the decision maker or any facts which would support a reasonable inference of a discriminatory motive." [ECF No. 9 at 7]. However, "an EEOC charge is to be liberally construed." *Stephens v. Keefe Commissary Network*, No. 4:06CV1048SNL, 2006 WL 8458735, at *1 (E.D. Mo. Nov. 7, 2006). The Court concludes that Plaintiff's Charge includes enough facts to survive a challenge based on failure to exhaust administrative remedies, and that the claim will face further scrutiny under the rubric of failure to state a claim.

In his Complaint, Plaintiff checked boxes alleging the "terms and conditions of [his] employment differ from those of similar employees," harassment," and "unlawful employment practice" [ECF No. 1 at 4]. Defendant argues that these claims are not included or reasonably related to any allegations in Plaintiff's Charge and should be dismissed. Liberally construing Plaintiff's Charge, however, these claims could reasonably be expected to grow out of the Charge. Specifically, the allegations in the narrative of the Charge that Plaintiff "was not interviewed although I was qualified" and "I was harassed for smelling like alcohol twice in 9/2023 and 12/2023" could reasonably relate to these claims in Plaintiff's Complaint [ECF No. 9-1 at 1]. Therefore, the Court will not dismiss these claims for failure to exhaust administrative

remedies and will instead subject them to a Rule 12(b)(6) analysis.

Furthermore, with respect to the retaliation claim, the Charge's narrative states that Plaintiff was "not selected" for the promotion partly for "engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as Amended (Title VII)." [ECF No. 9-1 at 1]. While the Charge states that Plaintiff "filed a complaint," there are no supporting facts confirming that the filing of the complaint is the referenced "protected activity" or even indicating the date of the filing. [*Id.*]. Despite that failing, the Court is hesitant to dismiss Plaintiff's retaliation claim for failure to exhaust administrative remedies because the Charge must be liberally construed and it references protected activity. As noted above, however, the retaliation claim is time barred, and it will also be analyzed for failure to state a claim.

### C.    Failure to State a Claim

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleadings must include sufficient factual information to provide notice and the grounds on which the claim rests and "to raise a right to relief above a speculative level." *Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted). On a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is

entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2). The Court holds pro se complaints to a less stringent standard than formal pleadings drafted by attorneys. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

**Retaliation**

Plaintiff's Complaint alleges that the August 2023 transfer denial was "a blatant act of retaliation" for his August 2021 EEOC filing [ECF No. 1 at 13]. As noted above, Plaintiff's retaliation claim is time barred. Moreover, Plaintiff has not established a prima facie case of retaliation, which requires a showing (1) that he engaged in statutorily protected activity, (2) that he suffered an adverse employment action, and (3) that there was a causal connection between the adverse employment action and the protected activity. *Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 818 (8th Cir. 1998). An interval of two years between filing an EEOC charge and an adverse employment action is far too long to establish a causal connection. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (citing cases in which a three-month period and a four-month period, respectively, were insufficient to establish causation). Thus, Plaintiff has failed to state a plausible retaliation claim.

Even if the Complaint were construed to allege Plaintiff was denied the opportunity to interview for a promotion on January 18, 2024 in retaliation for reporting about being accused of smelling like alcohol, the claim would still fail. Although Plaintiff alleges he complained of "harassment" as a "sick form of retribution for [ ] refusing to stay at Bissell Point," he fails to allege he complained of harassment on account of his race or that he plausibly engaged in protected activity [ECF No. 1 at 17]. Notably, Plaintiff alleges he complained about the alcohol incident "immediately" after it occurred on December 7, 2023 [*Id.*]. Subsequently, Plaintiff was denied an interview for a promotion on January 18, 2024, close to six weeks after his report

- 9 -

about being accused of smelling like alcohol. In his response in opposition to Defendant's motion to dismiss, Plaintiff contends that "[t]emporal proximity between protected activity and adverse action can establish a prima facie case of retaliation [ECF No. 13 at 3]. However, an interval of six weeks is not close enough to establish causation. "[T]iming alone is not adequate to establish causation unless the timing is 'very close,' usually meaning less than one month." *Myers v. Hog Slat., Inc.*, 55 F.Supp.3d 1145, 1158 (N.D. Iowa 2014) (quoting *Lors v. Dean*, 746 F.3d 857, 865-66 (8th Cir. 2014)). *See also Smith v. Fairview Ridges* Hosp., 625 F.3d 1076, 1088 (8th Cir.2010) (finding one month is not close enough); *Wisbey v. City of Lincoln*, 612 F.3d 667, 676 (8th Cir.2010) (same). So even assuming Plaintiff's complaint constituted protected activity, his retaliation claim will be dismissed because the crucial element of causal connection is absent.

### **Failure to Promote**

With respect to Plaintiff's failure to promote claim, the Complaint alleges that "[t]his promotional ban is discriminatory in nature and not supported by the Civil Service Rules" [ECF No. 1 at 18]. Plaintiff states that he is "aware of another employee that was allowed a self-demotion and shortly thereafter reapplied to his former position and was granted a promotion back to his previous position" [*Id*.]. However, Plaintiff failed to include any facts regarding this employee's identity, race, position, supervisor, or department. In his response in opposition to Defendant's motion to dismiss, Plaintiff asserts that "[c]ourts have held that failure to promote claims need only allege that a plaintiff was qualified, applied, and was denied due to discriminatory reasons" [ECF No. 13 at 3]. Plaintiff correctly identifies some of the requirements, but there are additional elements that must be demonstrated.

To establish a prima facie case of discrimination in a failure-to-promote case, a plaintiff must establish (1) that he is a member of a protected group, (2) that he was qualified and applied

- 10 -

for a promotion to a position for which the employer was seeking applicants, (3) that despite his qualifications, he was rejected, and (4) that other employees of similar qualifications who were not members of a protected group were promoted at the time plaintiff's request for promotion was denied. *Marzec v. Marsh*, 990 F.2d 393, 395-96 (8th Cir. 1993). In the absence of factual support concerning the qualifications or membership in a protected group of the unidentified employee that was promoted, Plaintiff has failed to establish a plausible failure to promote claim, and it will be dismissed. *See Perkins v. City of Minneapolis,* No. 23-CV-3810 (LMP/ECW), 2025 WL 331858, at *4 (D. Minn. Jan. 29, 2025) (dismissing failure to promote claim when the plaintiff made no mention of the race or ethnicity of any person selected for the promotion or whether they were similarly situated but not part of a protected group).

For the same reason, Plaintiff's claim that the "terms and conditions of [his] employment differ from those of similar employees" fails due to the lack of any comparators. Concerning Plaintiff's allegation that "[t]his promotional ban is discriminatory in nature and not supported by the Civil Service Rules," the only apparent support is that he "researched the Civil Service Rules and spoke with union representatives" [ECF No. 1 at 18]. "While pleadings in civil rights cases are to be liberally construed, they must contain more than mere conclusory statements and a prayer for relief." *Anderson v. Sixth Jud. Dist. Ct., St. Louis Cnty., State of Minn.*, 521 F.2d 420 (8th Cir. 1975). Plaintiff's final allegation that the "promotional ban" is discriminatory and "not supported by the Civil Service Rules" does not have sufficient factual support and comprises a conclusory statement. Therefore, Plaintiff has shown neither that the "promotional ban" is discriminatory nor any other "unlawful employment practice" [ECF No. 1 at 4, 18].

### **Harassment**

Plaintiff's Complaint alleges harassment based on a Division Manager accusing Plaintiff

of smelling like alcohol in December 2023. To establish a race-based harassment/hostile work environment claim, Plaintiff must establish (1) that he is a member of a protected group, (2) that he was subject to unwelcome race-based harassment, (3) that the harassment was because of membership in the protected group, and (4) that the harassment affected a term, condition, or privilege of employment. *Malone v. Ameren UE*, 646 F.3d 512, 517 (8th Cir. 2011). "[T]he harassment must be sufficiently severe or pervasive to create an objectively hostile work environment. It must be more than merely offensive, immature or unprofessional; it must be extreme." *Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1047 (8th Cir. 2005) (internal citations and quotation marks omitted). Plaintiff has not established a plausible harassment claim because the alleged harassment is not tied to a protected characteristic and there are no facts indicating or suggesting that Plaintiff was harassed due to his race. Moreover, the conduct described in the Complaint was not severe or pervasive.

Besides the alcohol incident, the Complaint also alleges that: (1) "[a] couple of people at Bissell Point were bold enough to openly say the only reason I was promoted was because I was black" [*Id*. at 12]; (2) "Division manager Pat Baldera told me not to pursue the transfer any further because I was being an irritant and upsetting management" [*Id*. at 14]; (3) he felt "intimidated" because Mr. Baldera asked about his use of FMLA [*Id*.]; (4) a November 8 meeting "was horrible and uncomfortable" because Mr. Baldera was present and Plaintiff "could not fully address [his] concerns and [his] desire to work at a different location" [*Id*. at 15]; (5) he was notified on November 18 to meet at corporate headquarters "to go over the terms of [his] voluntary demotion" [*Id*. at 16] ; and (6) on January 5, 2024 he met with the Director of HR which "alarmed" Plaintiff because "it was highly unusual" to have a "pre-interview meetings with HR" [*Id*. at 18]. In addition to the failure of administrative exhaustion, none of these

instances establish a plausible harassment claim.

Regarding the statements made to Plaintiff that he was only promoted because he is Black, Plaintiff asserts that he "chose to consider their actions to be merely an inconvenience and not a significant threat to my job or my ability to perform" [*Id*. at 12]. Plaintiff has thus admitted that these statements did not subjectively harass him. Accordingly, the harassment claim fails. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993) ("[I]f the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation."). Moreover, a supervisor questioning an employee about the usage of FMLA leave does not constitute harassment. *See Casada v. Lester E. Cox Medical Centers*, No. 04-3467-CV-S-ODS, 2006 WL 89840, at *4 (W.D. Mo. Jan. 13, 2006).

Accepting as true the conduct alleged in the Complaint, Plaintiff did not experience any changes in the terms and conditions of his employment. *See Clark v. St. Louis Public Schools*, No. 4:05CV1299SNL, 2006 WL 208600, at *6 (E.D. Mo. Jan. 25, 2006) (dismissing harassment claim because the plaintiff failed to allege that any incidents of harassment effected the terms, conditions, and/or privileges of his employment). In his response in opposition to Defendant's motion to dismiss, Plaintiff asserts that "Defendant's claim that these incidents were not severe or pervasive ignores the cumulative impact of these actions, which courts recognize as sufficient to establish a hostile work environment claim." [ECF No. 13 at 4]. The Court is aware of no "cumulative impact" standard for harassment claims. Rather, the relevant factor is whether severe or pervasive harassment affected a term, condition, or privilege of employment. *See Malone*, 646 F.3d at 517; *Kratzer*, 398 F.3d at 1047. The incidents described in Plaintiff's Complaint simply do not establish a harassment claim. *See Clearwater v. Indep. Sch. Dist. No.*

*166*, 231 F.3d 1122, 1128 (8th Cir. 2000) ("More than a few isolated incidents are required" to establish a harassment claim.). As Plaintiff has failed to show that the harassment was severe or pervasive or that it affected a term, condition, or privilege of his employment, the harassment claim will be dismissed for failure to state a claim.

Plaintiff's Complaint lacks the specificity required to survive a motion to dismiss under Rule 12(b)(6). While Plaintiff is not required to "mechanically plead" each element of a prima facie case for each claim, his Complaint "still falls short of raising a right to relief above the speculative level." *Perkins*, 2025 WL 331858, at *4 (internal citation and quotation marks omitted). Plaintiff has requested leave to amend his Complaint, but allowing such would be futile due to his failure to exhaust administrative remedies with several claims, and because his response in opposition to Defendant's motion to dismiss did not include any indication that he can provide sufficient facts to cure the deficiencies of his Complaint. Thus, the Court will deny Plaintiff's request to amend his Complaint. Plaintiff has failed to state any plausible claims under Title VII. Accordingly, Defendant's motion to dismiss Plaintiff's complaint will be granted.

### D.     Defendant's Motion to Strike Plaintiff's Surresponse

On April 1, 2025, Plaintiff filed a document that he titled "Plaintiff's Opposition to Defendant's Reply in Support of Motion to Dismiss" [ECF No. 18]. On the same date, Defendant filed a "Motion to Strike Plaintiff's Surresponse to Defendant's Motion to Dismiss" [ECF No. 19]. Local Rule 4.01(C) prohibits the filing of any additional memoranda beyond the moving party's reply without leave of court. *See* L.R. 4.01(C). Taking into consideration Plaintiff's pro se status, however, the Court will afford Plaintiff broad latitude with respect to his filings. The Court will note that Plaintiff's surresponse presented no new facts that would justify altering the Court's decision to dismiss Plaintiff's complaint. In the interests of justice, the Court will deny

- 14 -

Defendant's motion to strike Plaintiff's surresponse.

### E.    Plaintiff's Motion for Appointment of Counsel

There is no automatic right to the appointment of counsel under Title VII. *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984). "Three factors are generally considered relevant in evaluating applications for appointment of counsel in Title VII cases: (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim." *Id*.

Despite Plaintiff's alleged efforts to secure counsel, the balance of relevant factors does not support appointment of counsel in this case. As detailed above, Plaintiff has failed to demonstrate that he has a meritorious case because the allegations fail to state a claim and/or are time barred. Thus, the Court will deny Plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss [ECF No. 9] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's motion to strike Plaintiff's surresponse to Defendant's motion to dismiss [ECF No. 19] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED**.

**IT IS FINALLY ORDERED** that this case is dismissed without prejudice.

A separate Judgment will accompany this Memorandum and Order.

Dated this 14th day of August, 2025.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE